UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Raymond L. Brown and Ruth A. Brown,

        Plaintiffs,        Civ. No. 14-4678 (RHK/LIB)
                                          **ORDER**

v.

Green Tree Servicing LLC,

        Defendant.

---

        This mortgage-foreclosure case is before the Court on Defendant's Motion to Dismiss (Doc. No. 6). For the reasons that follow, the Motion will be granted.

        The Amended Complaint alleges the following facts. On March 30, 2007, Plaintiffs executed a $285,000 promissory note with Countrywide Home Loans, Inc. ("Countrywide"), secured by a mortgage on property they owned in St. Cloud, Minnesota, in favor of Countrywide's nominee, Mortgage Electronic Registration Systems, Inc. ("MERS"). In 2010, MERS assigned the mortgage to BAC Home Loans Servicing, LP; the assignment was executed by Steven H. Bruns, MERS's Vice President. In 2013, the mortgage was assigned to Defendant Green Tree Servicing LLC ("Green Tree"), which initiated foreclosure proceedings when Plaintiffs fell behind on their payments.

        Plaintiffs commenced this action in the Stearns County, Minnesota District Court in October 2014, shortly before a sheriff's sale of their home. They alleged (1) the assignment executed by Bruns was invalid and (2) a Notice of Intent to Accelerate ("Notice") sent to them failed to comply with the terms of the mortgage and, as a result,

Green Tree lacked the legal authority to foreclose on their home. After the sheriff's sale occurred, Plaintiffs filed an Amended Complaint containing the same allegations and seeking a declaration the sheriff's sale was void and a determination Green Tree did not properly acquire title to the property. Green Tree later removed the action to this Court and now moves to dismiss all of Plaintiffs' claims; the Court finds its Motion well-taken.[1]

First, the undersigned agrees with Green Tree, and with a slew of other recent court decisions, that individuals such as Plaintiffs lack standing to challenge a mortgage assignment under these circumstances. As noted in Gerlich v. Countrywide Home Loans, Inc., a plaintiff challenging the assignment of his or her mortgage from one entity to another lacks standing to challenge that assignment because "the mortgage assignment, standing alone, caused Plaintiff no injury," even if it was invalid. Civ. No. 10-4520, 2011 WL 3920235, at *3 (D. Minn. Sept. 7, 2011) (Frank, J.) ("Even assuming Plaintiff were able to show that Defendant Ehinger had no authority to assign Ameriquest's interest in the mortgage to Countrywide, the party sustaining injury as a result of the fraudulent assignment would be Ameriquest, not Plaintiff."); accord, e.g., Quale v. Aurora Loan Servs., LLC, 561 F. App'x 582, 583 (8th Cir. 2014) (*per curiam*) ("The party injured by

---

[1] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), set forth the standard for evaluating a motion to dismiss. A complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citation omitted). The Court "must accept [the] plaintiff's specific factual allegations as true but [need] not . . . accept a plaintiff's legal conclusions." Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citation omitted). The Amended Complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to Plaintiffs. Twombly, 550 U.S. at 554-56.

an improper or fraudulent assignment is the mortgagee-assignor (mortgage holder), not the mortgagor (homeowner)."). Accordingly, to the extent Plaintiffs' claims are predicated on an invalid mortgage assignment, they lack standing to bring them.[2]

This leaves only Plaintiffs' claims predicated on the Notice's alleged violation of the mortgage's terms. These claims fare no better.

Plaintiffs first argue the Notice violated the mortgage because it failed to specify precisely how they could cure their default, since it provided only that they were obligated to pay the overdue amount, "plus unspecified additional regular monthly payment or payments, late charges, fees and charges which become due" after the Notice. The Court agrees with Green Tree that no greater specificity was required. Certainly Green Tree could not anticipate whether Plaintiffs would miss future payments or would attempt to cure their default before their next monthly payment became due. Informing Plaintiffs they were obligated to pay the past-due amount plus any additional amounts that might come due in the future was sufficient to satisfy the mortgage's provision that any notice of default provide "the action required to cure" it. See, e.g., Bank of Am., N.A. v. Stewart, No. 13 MA 48, 2014 WL 819319, at *1 (Ohio Ct. App. Feb. 14, 2014) (lender complied with identical mortgage language by informing plaintiff of amount due, plus

---

[2] The Court declines to follow Glaski v. Bank of America, National Association, 218 Cal. Rptr. 4th 1079 (Cal. Ct. App. 2013), and Saldivar v. JP Morgan Chase Bank, N.A. (In re Saldivar), No. 12-01010, 2013 WL 2452699 (Bankr. S.D. Tex. June 5, 2013), cited by Plaintiffs, as each has been roundly criticized. See, e.g., U.S. Bank Nat'l Ass'n v. Salvacion, 338 P.3d 1185, 1190-91 (Haw. Ct. App. 2014) (Glaski and Saldivar "are the clear minority on the matter and run counter to the majority of decisions that have expressly rejected such assignment challenges"). In any event, Quale was decided by our Court of Appeals and controls.

"any regular monthly payment or payments, plus late charges, fees and charges which [later] become due"; "The bank cannot predict when the borrower will pay the overdue amount. The borrower knows his payment due date and knows the amount of his regular monthly payments. Nothing in the [mortgage] requires the bank to provide a schedule of predictions.").

Next, Plaintiffs argue the Notice failed to indicate they enjoyed an "unconditional" right to reinstate the mortgage following acceleration if they were able to cure their default by bringing their payments current; instead it provided that they "may" reinstate. But as Green Tree correctly notes, nothing in the mortgage gave Plaintiffs an "unconditional" right to reinstatement. Indeed, other terms of the mortgage make clear the right to reinstate was conditioned upon Plaintiffs meeting a number of terms, including providing Green Tree with information sufficient to demonstrate they would be able to continue making payments in the future. (See Brodin Aff. Ex. 1, ¶ 19.)[3] Plaintiffs' argument simply finds no support in the mortgage. See Stewart, 2014 WL 819319, at *4 ("Paragraph 19 of the Mortgage provides that the borrower has the right to reinstate after acceleration if the borrower meets certain conditions, which are then listed therein. Thus, when paragraph 22 states that the notice shall inform the borrower of the right to reinstate, it does not refer to an absolute right, but a right subject to paragraph 19.

---

[3] Although the mortgage is attached to an Affidavit of Green Tree's counsel, the Court may consider it in connection with the instant Motion because it is expressly referenced in the Amended Complaint. E.g., Cole v. Homier Distrib. Co., 599 F.3d 856, 863 (8th Cir. 2010).

Accordingly, the notice's use of 'may' . . . does not insufficiently comply with the requirement to 'inform the borrower of the right to reinstate after acceleration.'").

Lastly, Plaintiffs assert "Green Tree has not produced any evidence the Notice was sent on the date [indicated thereon]. Plaintiffs' counsel has been unable to find confirmation that the tracking number on the Notice is valid." (Mem. in Opp'n at 5.)[4] The Court finds this assertion curious. The Notice is dated April 29, 2011, and the Amended Complaint *itself* alleges that "[o]n or about April 29, 2011, [Green Tree] sent [Plaintiffs] a Notice of Intent to Accelerate via certified mail." (Am. Compl. ¶ 31.) The unsupported assertion of Plaintiffs' counsel (which is beyond the pleadings in any event) does not undermine that allegation. Nowhere have Plaintiffs alleged they failed to receive the Notice, that it was improperly addressed, or that they received it at some time well after April 29, 2011. Moreover, it has long been recognized that when an item "is transmitted by the United States mails, properly addressed and postage fully prepaid, there is a strong presumption that it will be received by the addressee in the ordinary course." Ark. Motor Coaches Ltd. v. CIR, 198 F.2d 189, 191 (8th Cir. 1952). In the absence of any allegation that Green Tree failed to send the Notice on the date indicated on is face or any other allegation undermining the timeliness or propriety of the mailing, which Plaintiffs themselves have alleged, Plaintiffs' argument lacks merit. See, e.g., Stephenson v. El-Batrawi, 524 F.3d 907, 913 (8th Cir. 2008) ("The law presumes . . .

---

[4] The mortgage required 30 days' notice before acceleration, in order to give Plaintiffs the opportunity to cure their default.

documents mailed . . . were received by [the addressee], and his mere denial is insufficient to overcome this presumption.").

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Green Tree's Motion to Dismiss (Doc. No. 6) is **GRANTED** and Plaintiffs' Amended Complaint (attached to Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: February 6, 2015                          s/Richard H. Kyle
                                                 RICHARD H. KYLE
                                                 United States District Judge